SMITH, Chief Judge.
The jury returned a verdict against the Rubels in their action against the McCul-laghs for fraudulent nondisclosure of termites and termite damage in a real estate conveyance, and in their action against McCall’s for negligent failure to tell them of extensive structural damage due to termites. After a thorough review of the record on appeal, we find that the verdict was manifestly in accord with the evidence.
The Rubels’ points on appeal primarily concern allegedly erroneous jury instructions. We do not reach the correctness of the instructions because the points raised on appeal were not preserved. Young v. Phillips Petroleum Co., 333 So.2d 87 (Fla. 1st DCA 1976). Next, the Rubels urge that the trial court erred in ruling, during the Rubels’ attorney’s cross-examination of McCalls key witness, that the provisions of form 1145, required by section 482.226(1), Florida Statutes, and rule 10D-55.142, Florida Administrative Code, were irrelevant and immaterial. McCalls’ witness testified *1148 that this form contains a disclaimer by the pest control company providing the termite inspection that it — the pest control company — is not a building contractor, and advising the person regulating the inspection to consult with a licensed contractor. The Rubels postulate that their cause of action against McCalls would have been enhanced by showing that had form 1145 been furnished they would have been on notice to investigate the termite damage to the structure. However, the Rubels failed to facilitate appellate review by making clear to the trial court the purpose of this line of questioning, or by proffering form 1145 into evidence. Moreover, under the facts adduced at trial, McCall’s failure to provide this form could not have affected the outcome of this case, and any error of the trial court in restricting inquiry on this issue was harmless. Even if the jury disbelieved the evidence that McCalls furnished a comprehensive written report, which pointed out where repairs were necessary, it was established beyond question that the Ru-bels had been informed of the termite damage to the house and had already secured the services of a qualified building contractor prior to closing.
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.